# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-07474-RGK-AFM | Date | November 22, 2019 |
|---|---|---|---|
| Title | *STEVE LANDY V. PETTIGREW CREWING, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Motion to Remand (DE 14)

## I. INTRODUCTION

On July 15, 2019, Steve Landy ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Pettigrew Crewing, Inc. ("Defendant"). Plaintiff alleges failure to timely pay wages under California Labor Code § 204 and failure to provide adequate wage statements under California Labor Code § 226. Plaintiff seeks damages for both claims under the California Private Attorneys General Act ("PAGA"), as well as penalties under § 226 specifically. *See* Cal. Lab. Code § 2698, *et seq*; Cal. Lab. Code § 226(e).

On August 28, 2019, Defendant removed this action to federal court based on federal question jurisdiction under § 301 of the Labor Relations Management Act ("LMRA"), 29 U.S.C. § 185. Defendant argues in its Notice of Removal that because the parties agreed to modified pay periods pursuant to a Collective Bargaining Agreement ("CBA"), and CBA's are regulated exclusively by Federal Law, Plaintiff's claim for failure to timely pay wages under § 204 is preempted. Defendant further argues that the Court should exercise supplemental jurisdiction over Plaintiff's wage statement claims under § 226.

For the following reasons, the Court **DENIES** Plaintiff's Motion to Remand ("Motion").

## II. FACTUAL BACKGROUND

### A. Plaintiff's Complaint

Plaintiff alleges the following in his Complaint:

From 2009 to March 22, 2019, Defendant employed Plaintiff as a camera man. During Plaintiff's employment for Defendant, Defendant did not provide wage statements that accurately displayed the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-07474-RGK-AFM | Date | November 22, 2019 |
|---|---|---|---|
| Title | ***STEVE LANDY V. PETTIGREW CREWING, INC.*** | | |

applicable hourly rates during the pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226's requirements.

Defendant also failed to pay wages to employees within the periods required by § 204. For work performed between the 1st and 15th days of the month, § 204(a) requires an employer to pay its employees between the 16th and 26th days of that month. For work performed between the 16th and the last day of the month, § 204(a) requires an employer to pay its employees between the 1st and 10th day of the following month. Alternatively, employers can pay their employees on a "weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period." § 204(d). Defendant routinely paid employees more than three weeks after the end of the last pay period for which the employee worked.

On July 8, 2019, Plaintiff notified the California Labor & Workforce Development Agency ("LWDA") of Defendant's Labor Code violations. Because the LWDA has not responded to Plaintiff's notice, Plaintiff and the aggrieved employees seek recovery on behalf of the State of California for these violations pursuant to the PAGA.

### B. The Collective Bargaining Agreement

Defendant's Notice of Removal asserts the following facts with regard to the CBA.

The International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists, and Allied Crafts of the United States, its Territories and Canada, AFL-CIO, CLC (The "Union") is a labor organization as defined by the LMRA. At all times relevant to the Complaint, the Union was the exclusive representative for Plaintiff and the employees he seeks to represent.

On March 27, 2019, the Union and Defendant entered into a CBA which applied from July 1, 2018 (retroactively) through September 30, 2023. Article XIV of the CBA governs the payment of wages. It states that Employees who have performed work during a relevant pay period shall be paid on a weekly or bi-weekly basis. It further specified that effective October 1, 2018, the Employer's payroll period would be no longer than 30 days, and that beginning on October 1, 2019, the payroll period would be no longer than 20 days.

### III. JUDICIAL STANDARD

"Upon removal, the district court must determine whether it has subject matter jurisdiction and, if not, it must remand [to state court]." *Dahl v. Rosenfeld*, 316 F.3d 1074, 1076 (9th Cir. 2003); *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The party seeking removal bears the burden of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07474-RGK-AFM | Date | November 22, 2019 |
|---|---|---|---|
| Title | ***STEVE LANDY V. PETTIGREW CREWING, INC.*** | | |

establishing federal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Defendants may remove a case originally filed in state court when it presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a), 1441(a)–(b). A case presents a "federal question" if a claim "aris[es] under the Constitution, laws, or treaties of the United States." *Sullivan v. First Affiliated Secs., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (quoting 28 U.S.C. § 1331).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Whether removal jurisdiction exists must therefore be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim." *Caterpillar*, 482 U.S. at 392. Thus, where a plaintiff can state claims under both federal and state law, he can prevent removal by ignoring the federal claims and alleging only state law claims. *E.g.*, *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

However, under the "artful pleading" doctrine, "a plaintiff cannot defeat removal of a federal claim by disguising or pleading it artfully as a state law cause of action." *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 950 (C.D. Cal. 2014). If the claim arises under federal law, the federal court will recharacterize it and uphold removal. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981). The "artful pleading" doctrine applies to state claims that are completely preempted by federal law, such as claims arising under § 301 of the LMRA. *Caterpillar*, 482 U.S. at 393.

Section 301 of the LMRA provides: "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). Suits "alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985). Although federal preemption generally does not permit removal to federal court, the preemptive power of § 301 "converts an ordinary state common law complaint into one" that states a federal claim that may be removed to a federal court. *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987), *superseded by statute on other grounds as stated in*, *Hunter v. Ameritech*, 779 F. Supp. 419 (N.D. Ill. 1991).

However, § 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994). Consequently, certain state law rights, like minimum wage and pay periods, "'[remain] well within the traditional police power of the states,' and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a CBA." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 919–20 (2018)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07474-RGK-AFM | Date | November 22, 2019 |
|---|---|---|---|
| Title | ***STEVE LANDY V. PETTIGREW CREWING, INC.*** | | |

## IV. DISCUSSION

### A. The Court Has Federal Question Jurisdiction over Plaintiff's Untimely Wage Payment Claims

Plaintiff argues that his § 204 claims are not preempted because they arise solely under state law, and that Defendant may not rely on the existence of a collective bargaining agreement as an affirmative defense to establish federal question jurisdiction. The Court disagrees.

To determine if a claim alleging violations of state law is preempted by the LMRA, the Ninth Circuit employs a two-step test. *Curtis*, 913 F.3d at 1152. First, the Court must ask "whether the asserted cause of action involves a 'right [that] exists solely as a result of the CBA.'" *Id.* (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016)). Under this test, a claim is preempted if it seeks "purely to vindicate a right or duty created by the CBA itself." *Schurke*, 898 F.3d at 921. The Court must proceed to the second step only if the claim seeks to vindicate a right not created by the CBA. *Curtis*, 913 F.3d at 1153.

In *Curtis*, the Ninth Circuit held that an employee's claim for overtime pay under § 510 of the California Labor Code existed "solely as a result of the CBA" because the relevant statute governing overtime claims permitted "unionized employees to contract around [the statute's requirements]." *Id.* at 1154–55. Specifically, § 510(a) states that its requirements "do not apply to the payment of overtime compensation to an employee working pursuant to . . . [a]n alternative workweek schedule adopted pursuant to a collective bargaining agreement" that complies with certain requirements. *Id.* at 1153 (quoting Cal. Lab. Code § 510). The Ninth Circuit therefore held that if employers were required to comply with the default rule regarding overtime compensation despite the existence of a qualifying CBA that created alternative arrangements, the statutory language above would be rendered superfluous. *Id.* at 1154. The plaintiff's right to overtime payments therefore existed solely as a result of the CBA, and as such his state law overtime claim was pre-empted. *Id.*

Here, Plaintiff alleges that Defendant failed to timely pay wages pursuant to § 204 of the California Labor Code, which provides specific time windows within which an employer must make payment for work performed during a given pay period. For instance, if an employer pays employees twice per month, § 204(a) requires that "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed." Cal. Lab. Code § 204(a). Alternatively, § 204(d) provides that wages may be paid "weekly, biweekly, or semimonthly . . . if the wages are paid not more than seven calendar days following the close of the payroll period." Like § 510(a), the statute also expressly provides for the possibility that a CBA will create an alternative pay arrangement in § 204(c): "However, when

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07474-RGK-AFM | Date | November 22, 2019 |
|---|---|---|---|
| Title | ***STEVE LANDY V. PETTIGREW CREWING, INC.*** | | |

employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees."

Plaintiff argues that § 204(c) is distinguishable from § 510(a) (the statute reviewed in *Curtis*), because § 204(c) does not specifically state that the other subsections of § 204 "do not apply" if a CBA provides for different payment arrangements. Consequently, Plaintiff argues, the timing requirements of the other subsections of § 204 still apply even if a CBA prescribes different payment arrangements, and, as a result, all of his § 204 claims arise solely under state law. The Court finds this argument unavailing.

The language of § 204(c) makes clear that employers need not comply with § 204's timing requirements if a collective bargaining agreement creates a different payment arrangement. *See* § 204(c). After the statute lists the default rule for the timing of wage payments in subsections (a) and (b), subsection (c) begins with the word "[h]owever," indicating that the default rule does not apply if the remainder of subsection (c) is met, i.e., where a CBA provides different pay arrangements. *See id.* Notably, this subsection does not say that the different pay arrangement provided for in a CBA applies only if employees have properly waived the default rights contained within the statute's other subsections in any specified manner. Like the overtime provision that the Ninth Circuit reviewed in *Curtis*, the default rules established by § 204 do not, by the statute's own terms, apply to an employee who is subject to a qualifying CBA. *See* 913 F.3d at 1153–54; *Vranish v. Exxon Mobil Corp*, 223 Cal. App. 4th 103, 111 (2014) (noting that the Legislature has permitted unionized employees to seek and receive "alternative wage protections through the collective bargaining process"). Moreover, Plaintiff's interpretation of § 204(c) would render it superfluous, as state-law wage periods would continue to apply despite alternative periods specified in a CBA. *See Curtis*, 913 F.3d at 1154. Consequently, the Court finds that § 204(c) operates similarly to the statute discussed in *Curtis*: where a CBA provides for a different pay arrangement from that which exists under state law, a covered employee's right to timely payment "exists solely as a result of the CBA." *See id.* at 1154 (quoting *Kobold*, 832 F.3d at 1032).

The Court is not unmindful that several district court cases cited by Plaintiff have reached the opposite conclusion with respect to the same statute in nearly identical circumstances. *See, e.g., Wawock v. CSI Elec. Contractors Inc,* No. 12- CV-9308 ABC (SSx), 2013 WL 12114469 (C.D. Cal. Jan. 7, 2013); *Peters v. RFI Enterprises, Inc.,* No. 18-CV-02771-BLF, 2018 WL 3869565 (N.D. Cal. Aug. 15, 2018); *Gardner v. Durham D & M LLC*, No. ED 19-CV-1344 PA (KKx), 2019 WL 3371271 (E.D. Cal. July 25, 2019). However, the Court believes a different result is now compelled by the Ninth Circuit's more recent holding in *Curtis*. The court in *Peters*, for instance, found that a qualifying CBA failed to preempt a plaintiff's claim not only with respect to § 204(c)—the statute at issue here—but also § 510(a), the same provision with respect to which the Ninth Circuit recently reached the opposite conclusion. That interpretation, clearly, is now incompatible with the Ninth Circuit's guidance, and can offer little instruction as to how the Court should view a similar statutory provision at this juncture. Further, although *Gardner* followed *Curtis* by several months, that case makes no reference to the Ninth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-07474-RGK-AFM | Date | November 22, 2019 |
|---|---|---|---|
| Title | *STEVE LANDY V. PETTIGREW CREWING, INC.* | | |

Circuit's opinion and does not appear to have considered it. As such, it is likewise of little assistance here.

The facts in this case support preemption under the legal rules described above. Beginning October 1, 2018, the CBA in this case required Defendant to "maintain a regular payroll period and [pay employees] on a weekly or bi-weekly basis, assuming Employees [had] performed work during the corresponding to the pay period [*sic*]." (Notice of Rem. Ex. 10 at 12, ECF No. 1-10.)[1] It further provided that the "[e]mployer's payroll period – the time between the end of a pay period and the date an Employee receives payment for the same – shall be no longer than thirty (30) days." *Id.* Therefore, regarding the § 204 claims that occurred between October 1, 2018 and July 8, 2019 ("later § 204 claims"), the CBA sufficiently established "alternate terms for final wage payments" because it permitted Defendant to pay employees thirty days after payment was due, which is more than the maximum ten days allowed under § 204. *See Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1202 (C.D. Cal. 2015) (finding that claims under § 204 existed solely as a result of the CBA because the CBA (1) established time limits for when the employer was required to pay its employees after the pay period ended, and (2) clearly and unmistakably waived the default requirements for timing of wage payments).[2] Consequently, the later § 204 claims are preempted "at step one of the preemption analysis," and federal question jurisdiction is therefore appropriate. *See Curtis*, 913 F.3d at 1155.[3]

### A. Supplemental Jurisdiction

The Court next addresses whether it has supplemental jurisdiction over the § 204 claims arising from pay periods prior to the effective dates of the CBA, namely those occurring between July 9, 2018 and September 30, 2018 ("earlier § 204 claims"), and the claims for failure to provide proper wage statements under § 226.[4]

---

[1] The § 204 claims cover the time period between July 9, 2018 and July 8, 2019 because the statute of limitations permits an aggrieved plaintiff to recover for violations that occur within one year before filing notice with the LWDA. *Brown v. Ralphs Grocery Co.*, 28 Cal. App. 5th 824, 834, 839 (2018); *see* Cal. Code Civ. P. § 340(a).

[2] No specific waiver of the statutory right to timely payment is required because § 204 removes such rights in order to enforce similar rights created by a CBA. *See* Cal. Lab. Code § 204(c); *Curtis*, 913 F.3d at 1155 n.6.

[3] The Court need not address the second step because it finds that Plaintiff's § 204 claims are preempted under the first step.

[4] Notwithstanding the CBA, the Court finds no basis for exercising original jurisdiction over any of the § 226 claims.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07474-RGK-AFM | Date | November 22, 2019 |
|---|---|---|---|
| Title | ***STEVE LANDY V. PETTIGREW CREWING, INC.*** | | |

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). If a federal claim has "substance sufficient to confer subject matter jurisdiction on the [C]ourt," then the Court may exercise supplemental jurisdiction over state claims that "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966), *superseded by statute on other grounds as stated in, Exec. Software N. Am., Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 24 F.3d 1545 (9th Cir. 1994). This occurs when the nature of the state and federal claims "are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'" *Finley v. United States*, 490 U.S. 545, 549 (1989) (quoting *Gibbs*, 383 U.S. at 725). In analyzing whether such a relationship exists between federal and state claims, courts should examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996).

Here, the Court finds that both the § 226 claims and the earlier § 204 claims will form the same case or controversy as the federal claims because they are all based on the manner in which Defendant paid its employees. *See S. Cal. Painters & Allied Trades, Dist. Counsel No. 36 v. Rodin & Co.*, No. 04-CV-129 AHM (PLAx), 2004 WL 7333426, at *1, *3 (C.D. Cal. Mar. 5, 2004); *Rivero v. Lefeld & Son, LLC*, No. 13-81154-CIV, 2014 WL 2095219, at *4 (S.D. Fla. May 20, 2014) (finding a common nucleus of operative fact for state law counterclaim covering a different time period than the federal claim because, like the federal claim, it stemmed "from the employer/employee relationship and the duties and obligations of [the employers and the employee]"). In addition, all of the claims will likely rely on similar evidence; the same witnesses and wage statements could likely prove Plaintiff's entitlement to relief in each of them. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 510 F. Supp. 2d 299, 325 (S.D.N.Y. 2007); *Ouedraogo v. Durso Assocs., Inc.*, No. 03 CV 1851(RLC), 2005 WL 1423308, at *2 (S.D.N.Y. June 16, 2005) (finding employees' claims shared a common nucleus of operative fact because although some of the state claims occurred at different time periods than the federal claims, they nonetheless shared "too many common threads" because they involved "overlapping testimony, depositions and documentation" in order to prove that the employees "were paid wages below the statutory minimum"); *cf. Slack v. Int'l Union of Operating Engineers*, No. C-13-5001 EMC, 2014 WL 4090383, at *9 (N.D. Cal. Aug. 19, 2014) (holding state claims were not based on a common nucleus of operative fact because "the witnesses and evidence needed to prove [the state claims would] be distinct from the federal claims"). Consequently, the Court finds here that all of the claims are based on a common nucleus of operative fact.

Even where state law claims derive from the same common nucleus of operative fact as related federal claims, it remains within the district court's discretion whether or not to exercise supplemental jurisdiction. *Gibbs*, 383 U.S. at 726. District courts may decline to exercise supplemental jurisdiction

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07474-RGK-AFM | Date | November 22, 2019 |
|---|---|---|---|
| Title | ***STEVE LANDY V. PETTIGREW CREWING, INC.*** | | |

over a claim if: (1) the claim raises novel issues of state law, (2) the state claim substantially predominates over the federal law claim, (3) the district court dismissed the claim giving rise to jurisdiction, or (4) in exceptional circumstances. 28 U.S.C. § 1367(c). District courts should consider "the values of judicial economy, convenience, fairness, and comity" in deciding whether to exercise supplemental jurisdiction over state law claims. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (internal citations omitted).

The Court finds that none of the above factors compel it to decline supplemental jurisdiction in this case. As such, the Court, in its discretion, will exercise supplemental jurisdiction over both the earlier § 204 claims and the entirety of the § 226 claims.

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer
_____